Anna Belesiotis, CA SBN 272710
Assistant Federal Public Defender
Email: anna_belesiotis@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Mr. McLenithan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-MJ-00144-1 |
| Plaintiff, | |
| v. | MEMORANDUM FOR PRELIMINARY HEARING |
| GENE MCLENITHAN, | |
| Defendant. | |

Defendant, Gene McLenithan through counsel, Anna Belesiotis, submits the following memorandum in anticipation of Mr. McLenithan's preliminary hearing set for June 9, 2026.

**Law and Argument**

**A.**     **The Court should not issue a holding order for the charge of attempted abusive sexual contact set forth in the complaint because it is not a crime.**

In the complaint, the prosecution alleges one count of attempted abusive sexual contact citing a violation of 18 U.S.C 2244(a)(1). Given that this is not a crime, Mr. McLenithan requests that this Court not issue a holding order as to that charge.

There is no general federal attempt statute and a defendant "can only be found guilty of an attempt to commit a federal offense if the statute defining the offense expressly proscribes an

Page 1   Memorandum for Preliminary Hearing

attempt." *United States v. Hopkins*, 703 F.2d 1102, 1104 (9th Cir. 1983) (citing *United States v. Joe*, 452 F.2d 653, 654 (10th Cir. 1971)); *see also United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014); *Liu v. Amerco*, 677 F.3d 489 (1st Cir. 2012) ("there is no general federal attempt statute"); *United States v. Duka*, 671 F.2d 329, 355 (3rd Cir. 2011) (discussing the lack of a generic federal attempt statute); *United States v. Douglas*, 525 F.2d 225, (2nd Cir. 2008) (rejecting the proposition that a defendant can be convicted of attempted without specific statutory language); *United States v. Anderson*, 89 F.3d 1306, 1314 (6th Cir. 1996); *United States v. Rovetuso*, 768 F.2d 809, 821 (7th Cir. 1985); *United States v. York*, 578 F.2d 1036, 1038 (5th Cir. 1978). Because Section 2244(a)(1) does not specifically include attempt or any other inchoate theory of liability, it only allows for the prosecution of completed offenses and Mr. McLenithan cannot be liable for an attempt to violate the statute.

Moreover, the Ninth Circuit Model jury instruction for abusive sexual contact explicitly states that "[s]ection 2244 does not make it a crime to attempt sexual contact." 9th Cir. Model Crim. Jury Instr. 20.16 (2022). Thus, because a jury would be instructed that 18 U.S.C. section 2244 "does not make it a crime to attempt sexual contact," the government cannot allege a violation of attempted abusive sexual contact. This crime does not exist and therefore Mr. McClenithan cannot be held to answer for an attempt to violating section 2244(a)(1).

**B.      The Court should not issue a holding order for kidnapping because there was no separate offense in connection with the seizure of AV1 and AV2.**

"[K]idnapping requires more than a transitory holding, and more than a simple mugging or assault" because "the facts must reflect the 'essence of the crime of kidnaping.'" *United States v. Jackson*, 24 F.4th 1308, 1312 (9th Cir. 2022) (quoting *Chatwin v. United States*, 326 U.S. 455, 464 (1946)); *see also id.* at 1311-12 (discussing *United States v. Etsitty*, 130 F.3d 420 (9th Cir.

Page 2   Memorandum for Preliminary Hearing

1997)). The *Jackson* Court held that four factors should be evaluated when determining whether charged conduct constitutes kidnapping. *Id.* at 1312. This "factual inquiry" may be taken up by a court when evaluating a Rule 29 motion, or when instructing a jury, depending on the facts of the case. *Id.* at 1314. These factors are also set forth in the Ninth Circuit Model Jury Instruction:

> (1) the duration of the seizure, confinement, detention or asportation;
>
> (2) whether the seizure, confinement, detention or asportation occurred during the commission of a separate offense;
>
> (3) whether the seizure, confinement, detention or asportation which occurred is inherent in the separate offense; and
>
> (4) whether the seizure, confinement, asportation or detention created a significant danger to the victim independent of that posed by the separate offense.

*Id.* at 1312 (quoting *Berry*, 604 F.2d at 227); 9th Circuit Model Jury Instr. 17.2).

In the instant case, absent evidence of some other crime that took place, the facts will demonstrate that this seizure did not amount to a kidnapping. Given that attempted abusive sexual contact is not a crime, the government cannot identify "a separate offense" that these factors would support the finding of a kidnapping as opposed to an ordinary seizure or detention. The facts elicited at the preliminary examination will not amount to any sexual contact whatsoever as there will be no testimony that the individual, who the government argues was Mr. McLenithan, committed an intentional touching of any intimate area. The government cannot allege a separate offense of robbery or theft given that the agent will testify that the individual, who the government argues was Mr. McLenithan, returned both cell phones of AV1 and AV2. The agent will testify that both women found their phones on the trail after the man had left. Thus, the government could not allege a separate offense of robbery or theft in this case to support a kidnapping charge.

Page 3   Memorandum for Preliminary Hearing

In sum, absent evidence of a separate offense from the seizure/detention of AV1 and AV2, the facts of this case will not support a charge of kidnapping in violation of 18 U.S.C. 1201(a)(2) and thus Mr. McClenithan requests that the Court not issue a holding order as to that charge.

Dated: June 8, 2026.

_/s/ Anna Belesiotis_
Anna Belesiotis, CA SBN 272710